In the

# United States Court of Appeals

### For the Seventh Circuit

———————————

No. 16-1083

IN RE: MICHAEL TOLOMEO,

*Debtor.*

———————————

BCL-SHEFFIELD, LLC, *et al*.

*Plaintiffs-Appellees,*

*v.*

GEMINI INT'L, INC., *et al*.,

*Defendants-Appellants.*

———————————

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 15 C 8118 — **Sara L. Ellis**, *Judge*.

———————————

SUBMITTED JULY 25, 2016 — DECIDED AUGUST 11, 2016

———————————

Before POSNER, MANION, and ROVNER, *Circuit Judges*.

POSNER, *Circuit Judge*. The appellants (defendants below)
in this proceeding are the wife of, and businesses controlled
by, the debtor in a Chapter 7 bankruptcy proceeding. The
appellees (plaintiffs below) are creditors of the debtor who

contend that the appellants' assets rightfully belong to the debtor's estate and so should, pursuant to 11 U.S.C. § 542(a), be turned over to the debtor's trustee, liquidated, and the proceeds given to the plaintiffs, who to repeat are the debtor's creditors. To obtain this and other relief, the plaintiffs filed an adversary complaint in the bankruptcy court seeking to have the defendants deemed alter egos of the debtor. Pursuant to 28 U.S.C. § 157(c)(1) and Federal Rule of Bankruptcy Procedure 9033, the bankruptcy court recommended to the district court that judgment on the pleadings (sought by the plaintiffs) should be granted. The district court did so, saying the "undisputed facts substantially show" that the defendants were alter egos of the debtor and the corporate veils should [therefore] be pierced and the assets "brought into the Debtor's bankruptcy estate." The next week, with the alter ego issue settled and no stay or appeal on the horizon, the bankruptcy court ordered the defendants' assets turned over to the debtor's estate.

Three weeks later, the defendants, having failed to file a timely appeal of the bankruptcy court's turnover order to the district court, see Federal Rule of Bankruptcy Procedure 8002, appealed to our court the district court's order remanding the case to the bankruptcy court to implement the district court's ruling requiring that the defendants' assets be turned over to the debtor's estate.

The defendants base their appeal on the aforecited 28 U.S.C. § 157(c)(1), which states that "a bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final

order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected." The defendants argue that the plaintiffs' turnover claim is not a "core proceeding" and so only the district court may enter a final order resolving the claim. Core proceedings are proceedings under bankruptcy law; non-core proceedings are proceedings that relate to a bankruptcy but arise under some other body of law. The turnover of the defendants' assets to the debtor's estate, and the liquidation of the assets for the benefit of the defendants, is a core proceeding, see 28 U.S.C. § 157(b)(2)(E), based therefore on bankruptcy law, and so the limitations on the bankruptcy court's authority that are imposed by section 157(c)(1) are irrelevant, because those limitations are applicable only to a bankruptcy court's administration of non-core proceedings.

The bankruptcy court's order implementing the district court's decision regarding the estate's entitlement to the defendants' assets was therefore valid, and is in any event not challenged by the appellants. The appeal is therefore

DISMISSED.